**GOODWIN PROCTER LLP**
MARK DAVID MCPHERSON (SBN 307951)
*mmcpherson@goodwinlaw.com*
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8869
Fax.: 212.202.4582

W. KYLE TAYMAN (admitted *pro hac vice*)
*ktayman@goodwinlaw.com*
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax.: 202.346.4444

LAURA BRYS (SBN 242100)
*lbrys@goodwinlaw.com*
601 S. Figueroa Street, 41st Floor
Los Angeles, CA
Tel.: 213.426.2500
Fax.: 213.623.1673

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

STEPHEN PLOTSKER and MICHAEL KLEEMANN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ENVATO PTY LTD and ENVATO ELEMENTS PTY LTD,

Defendants.

Case No. 2:24-cv-4412-MEMF-RAO

**DEFENDANTS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Courtroom: 8B
Judge: Hon. Maame Ewusi- Mensah Frimpong

Am. Complaint filed: June 17, 2024

Defendants Envato Pty Ltd. and Envato Elements Pty Ltd. (together, "Envato") answer Plaintiffs' allegations in the First Amended Complaint (ECF No. 19) as follows. For convenience and clarity, Envato has repeated the section headings of the First Amended Complaint, but does not admit that those headings are an accurate or fair representation of the conduct alleged in the First Amended Complaint.

To the extent the First Amended Complaint asserts conclusions of law, such conclusions of law require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the First Amended Complaint, Envato denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

Except as expressly admitted or qualified hereafter, Envato denies each and every allegation of the First Amended Complaint.

## NATURE OF THE ACTION

1. Envato admits that Plaintiffs purport to bring this action against Envato. Envato denies the remaining allegations in this paragraph, and denies that it violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, in any way.

2. Envato admits that it operates the subscription service Envato Elements, and that Envato markets its materials to content creators, among other professionals. To the extent that this paragraph purports to quote from Envato's website, Envato refers to the website for its full and exact content. Envato otherwise denies the remaining allegations in this paragraph.

3. Envato admits that it offers paid subscriptions to Envato Elements. Envato otherwise denies the remaining allegations in this paragraph.

4. Envato admits that users must purchase a subscription to license and download digital assets at www.elements.envato.com, and that some subscription plans cost $16.50 per month. Envato otherwise denies the remaining allegations in this paragraph. To the extent that

Figure #1 in Paragraph 4 purports to be a screenshot from Envato's website, Envato refers to the website for its full and exact content.

5. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato refers to the VPPA for its full and exact content.

6. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

7. Envato admits that Plaintiffs purport to bring this action on behalf of themselves and a putative class. Because the remainder of this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the remaining allegations contained in this paragraph.

**PARTIES**

8. Envato lacks sufficient knowledge or information to admit or deny the allegations regarding Stephen Plotsker's residence. Envato admits that Plotsker subscribed to Envato. Envato lacks sufficient knowledge or information to admit or deny whether Plotsker has a Facebook account, and whether he has used that account while he was a subscriber to Envato. Envato otherwise denies the remaining allegations in this paragraph.

9. Envato lacks sufficient knowledge or information to admit or deny the allegations regarding Michel Kleeman's residence. Envato admits that Kleeman subscribed to Envato. Envato lacks sufficient knowledge or information to admit or deny whether Kleeman has a Facebook account, and whether he has used that account while he was a subscriber to Envato. Envato otherwise denies the remaining allegations in this paragraph.

10. Envato admits that Envato Pty Ltd. and Envato Elements Pty Ltd. are both Australian Proprietary Limited Companies. Envato otherwise denies the remaining allegations in this paragraph.

**JURISDICTION**

11. Envato admits that Plaintiffs purport to bring this action under federal law, but deny that Plaintiffs have standing and thus denies that the Court has jurisdiction of this case.

12. Envato denies the allegations in this paragraph.

13. Envato denies that its limited contacts with California are sufficient to establish personal jurisdiction over Envato in this case.

a. Envato denies the allegations in subparagraph (a), including any allegations contained in footnotes to this subparagraph.

b. Envato denies the allegations in subparagraph (b), including any allegations contained in footnotes to this subparagraph.

c. Envato lacks sufficient knowledge or information to admit or deny the allegations regarding the location of SendGrid or Twillo-SendGrid. Envato denies the remaining allegations in this subparagraph.

d. Envato lacks sufficient knowledge or information to admit or deny the allegations regarding the location of Recurly, Inc. Envato denies the remaining allegations in this subparagraph.

e. Envato admits that its website is available to California residents and that some California residents subscribe to Envato. Envato otherwise denies the remaining allegations in this subparagraph.

f. Envato admits that authors in California and the United States contribute to Envato. Envato otherwise denies the allegations in subparagraph (f), including any allegations contained in footnotes to this subparagraph.

g. Envato admits that it complies with its tax obligations. Envato otherwise denies the allegations in this subparagraph, including any allegations contained

in footnotes to this subparagraph.

h. Envato lacks sufficient knowledge or information to admit or deny where Kleeman is located. Because this subparagraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this subparagraph.

i. Envato lacks sufficient knowledge or information to admit or deny where Kleeman accessed Envato's website.

14. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

## THE VPPA

15. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato refers to S. Rep. 100-599 for its full and exact content.

16. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato refers to S. Rep. 100-599 for its full and exact content.

17. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato refers to the VPPA for its full and exact content.

## FACTUAL BACKGROUND

### I. Envato Has Provided Video Tape Services Throughout the Class Period

18. Envato admits that it offers a subscription service by which its users can license and download digital assets, among other content. Envato otherwise denies the allegations in this paragraph.

19. Envato admits that users must subscribe to Envato to license and download digital assets, and that some subscription plans cost $16.50 per month. Envato otherwise denies the

allegations in this paragraph.

20. Envato admits that subscribers may select from among digital assets available for download on its platform. Envato otherwise denies the allegations in this paragraph.

21. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

22. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

## II. Envato Unlawfully Disclosed and/or Released Plaintiffs' and Class Members' Personally Identifiable Information to Meta

23. Envato denies the allegations in this paragraph.

24. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato refers to the VPPA for its full and exact content.

25. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. Envato refers to the cited websites for their full and exact content.

### *A. The Meta Tracking Pixel*

26. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

27. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

28. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

29. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

30. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

31. Envato admits that the Meta Pixel is a piece of code that is installed on a website that can be used for targeted advertising. Envato otherwise lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which concern the capabilities of Meta and actions of Facebook, a third party.

32. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

33. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

34. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which involve an entity other than Envato.

### *B. Envato Knowingly Sends Plaintiffs' and other Class Members' Personally Identifiable Information to Meta*

35. Envato admits that it installed Meta Pixel on pages of its website. Envato otherwise denies the remaining allegations in this paragraph.

36. Envato denies the allegations in this paragraph.

37. Envato admits that it installed Meta Pixel on pages of its website. Envato otherwise denies the remaining allegations in this paragraph.

38. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the allegations in this paragraph.

39. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot to which this paragraph refers and therefore denies the allegations in this paragraph.

40. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the

allegations in this paragraph.

41. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the allegations in this paragraph.

42. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot to which this paragraph refers and therefore denies the allegations in this paragraph.

43. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the allegations in this paragraph.

44. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

45. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

46. Envato lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the allegations in this paragraph.

47. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which concern the capabilities of Meta, a third party.

48. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which concern the capabilities of Meta, a third party.

49. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which concern the capabilities of Meta, a third party.

50. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, which concern the capabilities of Meta, a third party.

### III. Experience of Plaintiffs Stephen Plotsker and Michael Kleemann

51. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

52. Envato admits that Plotsker purchased a digital subscription to Envato Elements in January 2019.

53. Envato admits that Plotsker has downloaded videos from Envato, but otherwise denies the allegations in this paragraph.

54. Envato denies the allegations in this paragraph.

55. Envato denies the allegations in this paragraph.

56. Envato lacks sufficient knowledge or information to admit or deny the allegations concerning Plotsker's supposed discovery, but Envato otherwise denies the allegations in this paragraph.

57. Envato lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

58. Envato admits that Kleeman purchased a digital subscription to Envato Elements in August 2019.

59. Envato admits that Kleeman has downloaded videos from Envato, but otherwise denies the allegations in this paragraph.

60. Envato denies the allegations in this paragraph.

61. Envato denies the allegations in this paragraph.

62. Envato lacks sufficient knowledge or information to admit or deny the allegations concerning Kleeman's supposed discovery, but Envato otherwise denies the allegations in this paragraph.

## TOLLING OF THE STATUTES OF LIMITATIONS

63. Because this paragraph purports to state legal conclusions, no response is required.

To the extent any response is required, Envato denies the allegations contained in this paragraph.

64. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

65. Envato denies the allegations in this paragraph.

66. Envato denies the allegations in this paragraph.

67. Envato denies the allegations in this paragraph.

68. Envato denies the allegations in this paragraph.

69. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

70. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

## CLASS ACTION ALLEGATIONS

71. Envato admits that Plaintiffs purport to bring this action on behalf of a putative class as described. Envato denies that class certification is appropriate or that Plaintiffs meet the requirements of Federal Rule of Civil Procedure 23.

72. Envato admits that Plaintiffs purport to bring this action on behalf of a putative class as described. Envato denies that class certification is appropriate or that Plaintiffs meet the requirements of Federal Rule of Civil Procedure 23.

73. Envato admits that Plaintiffs purport to bring this action on behalf of a putative class as described. Envato denies that class certification is appropriate or that Plaintiffs meet the requirements of Federal Rule of Civil Procedure 23.

74. Envato admits that Plaintiffs purport to bring this action on behalf of a putative class as described. Envato denies that class certification is appropriate or that Plaintiffs meet the requirements of Federal Rule of Civil Procedure 23.

75. Because this paragraph purports to state legal conclusions, no response is required.

To the extent any response is required, Envato denies the allegations contained in this paragraph.

76. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

77. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

78. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

79. Because this paragraph and each of its subparagraphs purport to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph and each of its subparagraphs.

80. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

81. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

82. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Envato denies the allegations contained in this paragraph.

## CAUSE OF ACTION

***Violation Of The Video Privacy Protection Act, 18 U.S.C. § 2710, et seq.***

83. Envato incorporates its responses to the preceding paragraphs as though fully set forth herein.

84. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

85. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

86. To the extent this paragraph purports to state legal conclusions, no response is

required. Envato otherwise denies the allegations in this paragraph.

87. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

88. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

89. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

90. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

91. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

92. To the extent this paragraph purports to state legal conclusions, no response is required. Envato otherwise denies the allegations in this paragraph.

## PRAYER FOR RELIEF

93. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

94. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

95. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

96. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

97. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

98. Envato denies that Plaintiffs or any putative class members are entitled to any of

the relief requested, or any other form of relief.

99. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

100. Envato denies that Plaintiffs or any putative class members are entitled to any of the relief requested, or any other form of relief.

## AFFIRMATIVE DEFENSES

By stating the matters set forth in these defenses, Envato does not allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on Envato's knowledge, information, and belief at this time, and Envato specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Envato reserves the right to assert other defenses as information is gathered through discovery and investigation.

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring the claims asserted because they have not suffered a concrete, particularized injury traceable to Envato.

3. Plaintiffs consented to the alleged conduct through acceptance of Envato's User Terms and Privacy Policy.

4. Any disclosures made by Envato were in compliance with applicable law, including the VPPA.

5. Any disclosures made fall within exceptions provided in 18 U.S.C. § 2710(b)(2).

6. Envato did not knowingly disclose personally identifiable information as defined by the VPPA.

7. Envato acted in good faith and in reliance on applicable legal standards and

industry practices.

8. Plaintiffs' claim is barred because Envato operates from Australia and the VPPA does not apply extraterritorially.

9. Plaintiffs and putative class members have not suffered any actual damages as a result of the alleged conduct. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, and estoppel.

11. The alleged damages suffered by Plaintiffs, if any, were caused by the acts of third parties and Envato was not responsible for their conduct.

12. Plaintiffs' claims for damages should be denied or reduced due to Plaintiffs' failure to mitigate their respective alleged damages, in whole or in part.

13. Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs cannot show that they will suffer any irreparable harm from Envato's actions.

14. Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

15. Plaintiffs are barred from recovery to the extent they would be unjustly enriched by any recovery. As such, any claims for damages or other monetary relief must be offset and reduced by the value received.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages and harm, if any, were caused by other persons or entities for whose conduct Envato is not legally responsible.

17. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

18. Plaintiffs' claims are barred because Plaintiffs are not the real parties in interest.

19. Plaintiffs' claims are barred, in whole or in part, because Envato's conduct was justified, excused, and/or privileged.

20. Plaintiffs' claims are barred, in whole or in part, because Envato's conduct was commercially reasonable.

21. Envato hereby reserves the right to amend its Answer to raise additional defenses as they become available or apparent to it through discovery in this matter or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Envato requests the following relief:

1. That Plaintiffs take nothing by their First Amended Complaint;
2. That judgement be rendered in favor of Envato;
3. That the Court award Envato its reasonable costs, expenses, and attorneys' fees incurred in defense of this action; and
4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Envato hereby demands a jury trial on all issues raised in this action upon which a jury trial is permitted.

Dated: October 15, 2025

Respectfully Submitted,

**GOODWIN PROCTER LLP**

By: *<u>/s/ Mark David McPherson</u>*
MARK DAVID MCPHERSON (SBN 307951)
*mmcpherson@goodwinlaw.com*
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8869
Fax.: 212.202.4582

W. KYLE TAYMAN (admitted pro hac vice)
*ktayman@goodwinlaw.com*
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax.: 202.346.4444

LAURA G. BRYS (SBN 242100)
*lbrys@goodwinlaw.com*
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on **October 15, 2025**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 15, 2025**.

*/s/ Mark David McPherson*
MARK DAVID MCPHERSON